United States District Court
Southern District of Texas
**ENTERED**
August 27, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHISN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PHUC H.[1], Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-246 |
| MARKWAYNE MULLIN[2], *et al.*, Respondents. | § | |

**<u>REPORT AND RECOMMENDATION</u>**
**<u>TO GRANT PETITIONER'S WRIT OF HABEAS CORPUS</u>**

## I. Synopsis

Petitioner is currently detained by Immigration and Customs Enforcement at El Valle Detention Facility, Willacy County, Texas. He argues his detention is unlawful because it (1) exceeds the presumptively reasonable period set out in *Zadvydas* and (2) there is no significant likelihood of removal in the reasonably foreseeable future. The Court agrees. The Government physically detained Petitioner for over ten months; this violates Petitioner's constitutional rights.[3] Thus, it is RECOMMENDED that the Court (1) grant the Petition for Writ of Habeas Corpus; (2) order Petitioner's release from Respondents' custody under conditions of supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5; and (3) deny Respondents' Motion to Dismiss.

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Petitioner sought relief against Kristi Noem in her official capacity as Secretary of the Department of Homeland Security. Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin is substituted as the proper Respondent.

[3] The Petitioner's final order of removal is dated June 17, 2009. Petitioner was under an order of supervision until he was physically detained on September 9, 2025.

## II. Jurisdiction

The Petitioner challenges the constitutionality of his post-removal-period detention by arguing that the Government has not shown there is a significant likelihood of his removal in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (concluding that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.")[4] Given Petitioner's constitutional challenge to post-removal-period detention, the Court has subject matter jurisdiction to entertain this claim.

## III. Venue

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 495 (1973). Petitioner was detained at Port Isabel Detention Center in Cameron County, Texas when he filed the operative Petition in this case.[5] Dkt. No. 14 at 2. The Center lies within Cameron County, a county served by the Brownsville Division of the United States District Court for the Southern District of Texas. Accordingly, venue is proper in this Court and division.

## IV. Factual History

Petitioner is a national of Vietnam. Dkt. No. 1 at 1. On or around November 19, 1981, Petitioner entered the United States as a child. *Id.*; Dkt. No. 13 at 2. Petitioner was granted refugee status on October 27, 1981. Dkt. No. 13–1 at 1. On or around March 1, 1983, Petitioner received permanent residence status. Dkt. No. 1 at 5; Dkt. No. 13–3 at 6. After a series of criminal convictions,[6] the Petitioner was ordered to show cause and appear before the Immigration Court on August 21, 1998, and Petitioner failed to appear before

---

[4] Petitioner does not challenge the validity of his order of removal.

[5] The Petitioner was moved from Port Isabel Detention Center to El Valle Detention Facility where he is currently being held. This does not affect venue as both centers are located in Cameron County.

[6] Petitioner's convictions include kidnapping on May 25, 1998 in Matagorda County, Texas, burglary of a vehicle on December 15, 1989 in Bexar County, Texas, and possession of a controlled substance, cocaine on December 29, 1994 in Matagorda County, Texas. Dkt. No. 13–2.

the court. Dkt. No. 13–3 at 1; Dkt. No. 12 at 2. On May 1, 1997, the Immigration Judge ("IJ") issued an order for Petitioner's removal to Vietnam. Dkt. No. 12–1 at 1. Petitioner appealed this decision to the Board of Immigration Appeal ("BIA"). On or around March 21, 2000, the Immigration and Naturalization Service ("INS") issued Petitioner an Order of Supervision with requirements. Dkt. 13–4 at 1. On or around April 22, 2005, Petitioner filed a Special Motion to Reopen Application to Seek § 212(c) Relief ("212(c) Waiver") which was granted on May 21, 2005. Dkt. No. 13–5. On June 28, 2005, the IJ denied Petitioner's motion to reopen. Dkt. No. 13–6. Petitioner then filed a motion to reopen under an approved I-130 Immigration Petition for Relative, which was granted on January 25, 2008. Dkt. No. 13–7. Ultimately, the BIA denied Petitioner's 212(c) Waiver and Application for Adjustment of Status under Section 245 on June 17, 2009. Dkt. No. 12–2. Petitioner's removal order became administratively final on June 17, 2009. *Id.*; *See* 8 C.F.R. §§ 241.1, 1241.1(e). At that time, the Department of Homeland Security ("DHS") placed Petitioner under an Order of Supervision ("OSUP") to report monthly. Dkt. No. 13 at 4; Dkt. No. 13–4. Petitioner continued to report per the OSUP until his detention at issue, in September 2025. Dkt. No. 13 at 4.

On September 9, 2025, Immigration and Customs Enforcement ("ICE") detained Petitioner after he was brought into custody by the Coast Guard while working on a fishing boat off the coast of South Texas. *Id.* Petitioner was originally held at Port Isabel Detention Center and is currently detained at El Valle Detention Facility. Dkt. No. 12–3. In October of 2025, while detained, Petitioner filed another motion to reopen his removal proceedings.[7] *Id.* On November 13, 2025, the IJ denied Petitioner's motion for being untimely filed. Dkt. No. 12–4. Petitioner timely filed an appeal which is currently pending with the BIA. Dkt. No. 12–5.

---

[7] Petitioner states his Motion to Reopen is based upon controlling law enacted after his final order of removal was signed. Dkt. No. 12-3.

## V. Procedural History

Petitioner initially filed his Petition for a Writ of Habeas Corpus in the Brownsville Division of the Southern District of Texas. Dkt. No. 1. Petitioner argues his detention violates the statutory limitations of 8 U.S.C. § 1231(a)(3) and his constitutional due process rights because there is no significant likelihood of removal in the reasonably foreseeable future. Dkt. No. 1 at 8. Petitioner requests his immediate release from Respondent's custody under an order of supervision. *Id.* at 11.

The Court ordered the Government to Show Cause as to why the Writ should not be granted, (Dkt. No. 4), and the Government responded with a Motion to Dismiss under the Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 12. Regarding Petitioner's indefinite detention claims, the Government argues the Court "should toll the detention period to account for Petitioner's filing a motion to reopen his deportation proceedings . . . prevent[ing] ICE from effectuating his removal." *Id.* at 5.

Most recently, in a status report to the Court from July 7, 2026, the Government stated that its efforts to execute Petitioner's removal order are ongoing. Dkt. No. 17 at 1. The Government states that Petitioner filled out a self-declaration and provided family information on April 10, 2026. *Id*. Local Enforcement and Removal Operations (ERO) seemingly used this information to forward a travel document to the ERO Headquarters "for review and approval." *Id.* On June 16, 2026, the Government forwarded Petitioner's travel document request for translation from English to Vietnamese. *Id.* The Government represented that Petitioner's motion to reopen remains pending with the Board of Immigration Appeals. *Id.* The Government represents that (1) once the translation of the travel document is complete, ERO will submit the travel document request to Vietnam "for issuance of a travel document"; and (2) Petitioner's pending motion to reopen before the BIA "is currently prohibiting the Government from executing the removal order." *Id.*

## VI. Applicable Law

a. 28 U.S.C. § 2241

The District Court may grant the writ of habeas corpus under 28 U.S.C. § 2241 when Petitioner's custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner must show that his or her custody violates federal law. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (stating that habeas relief cannot be issued unless Petitioner alleges "that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.") (quoting *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (per curiam).

b. INA 8 U.S.C. § 1231 and *Zadvydas*

The Immigration and Nationality Act denotes a "removal period" in which the Attorney General "shall remove the alien from the United States within a period of 90 days" when an alien is ordered removed. 8 U.S.C. § 1231(a)(1)(A). During that 90-day-removal-period, an alien must be detained per the statute. 8 U.S.C. § 1231(a)(2)(A).

The statute is implicitly limited by the "Constitution's demands." *Zadvydas*, 533 U.S. at 689. The "Fifth Amendment's Due Process Clause forbids the Government to 'depriv[e]' any 'person ... of ... liberty ... without due process of law.'" *Zadvydas*, 533 U.S. at 690. This constitutional concern becomes increasingly acute when detention lasts for more than six months. *Id.* at 701. For this reason, the United States Supreme Court created a framework in *Zadvydas v. Davis* for a Petitioner to challenge the constitutionality of his or his continued detention after a six-month period. *Id. See also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) ("Zadvydas thus created a '6–month presumption' of the validity of detention under § 1231, after which an alien could attack the reasonableness of his continued detention."). "The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Id.* It is not the case that if an alien is not removed, then they must be released after six months. *See id.* at 701 ("[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). If the court determines "removal is not reasonably

foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700.

c. Standard of Review: Motion to Dismiss

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. *Id.* at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.,* 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. *Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan,* 960 F.3d 190, 194 (5th Cir. 2020).

Still, "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (*S. Christian Leadership Conf. v. Supreme Court of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). *See also Ashcroft v. Iqbal, 556 U.S. at 663 (2009)* (clarifying "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").

Dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

## VII. Analysis

As noted above, Petitioner's current detention has surpassed six months. While the presumptively reasonable period under *Zadvydas* is over, Petitioner "bears the initial burden of proof in showing that no such likelihood of removal exists" *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (citing *Zadvydas*, 533 U.S. at 701).

Petitioner argues there is no significant likelihood of removal in the reasonably foreseeable future. Dkt. No. 1 at 10; Dkt. No. 13 at 11. He states that although he is a native of Vietnam, "Vietnam to this date has not provided recognition of the Petitioner as a national or citizen nor have they provided any travel documents that would allow Petitioner to return." Dkt. No. 1 at 10. Petitioner also argues that Respondents have not provided evidence to show they can "remove the Petitioner (i.e. Passport, travel document or documentation of request of travel document[8])." *Id.* Petitioner further argues that "[a]ny notion by the Respondents that the Petitioner is the source of his own prolonged detention is not plausible when the ability to remove has not been established." *Id.* The Court's review of the record shows that, as Petitioner first argued, Petitioner's native country has not recognized Petitioner as a national or citizen and has not provided travel documents to Petitioner, even close to 11 months after his detention. Considering this, the Court finds Petitioner carried his initial burden to show that there is no significant likelihood of removal in the reasonably foreseeable future. As a result, the Government must now "respond with evidence sufficient to rebut" this showing. *Zadvydas*, 533 U.S. at 701.

The Court turns to the Government's updates concerning its attempts to remove Petitioner. The Court emphasizes that the Government asserts that "Petitioner is lawfully detained under 8 U.S.C. § 1231(a)(6)." Dkt. No. 12 at 5. Additionally, the Court notes that while filing a motion to reopen stays the Petitioner's removal, "the regulations governing immigration proceedings specifically state that noncitizens are still subject to § 1231, which governs detention during and beyond the removal period, unless a motion to reopen

---

[8] Petitioner provided this statement in a response several months before the Government represented that they forwarded the travel document request for translation. Dkt. No. 13; Dkt. No. 17.

is granted." *Ndou v. Noem*, 2026 WL 686564, at *3 (D.N.M. Mar. 11, 2026) (citing 8 C.F.R. § 241.4(b)(1)). Although the Government does not contest that Petitioner remains detained under the statute addressed in *Zadvydas*, the Government argues[9] that "[t]o the extent that Petitioner may be detained in excess of the 180-day presumptively reasonable period during the pendency of this litigation, the Court should toll the removal period to account for Petitioner filing a motion to reopen his deportation proceedings, which has prevented ICE from effectuating his removal." Dkt. No. 12 at 5. However, the Government still asserts that it is conducting "ongoing efforts to execute Petitioner's removal order." Dkt. No. 17 at 1. The Government concedes it has the ability to make attempts to effectuate Petitioner's removal, even if removal cannot happen until the appeal on the motion to reopen is adjudicated.

Under *Zadvydas*, the Court considers whether there is a significant likelihood of removal in the reasonably foreseeable future. Given this inquiry, it is still possible that the Government could show ongoing efforts to execute Petitioner's removal order which meet this threshold. Because the Government acknowledges its efforts to continue to effect Petitioner's removal and the understanding Petitioner remains detained under 8 U.S.C. § 1231(a)(6), the Court sees no reason to toll the presumptively reasonable period. Accordingly, the Court proceeds to consider whether the Government's evidence rebuts Petitioner' showing that there is no significant likelihood of his removal in the reasonably foreseeable future.

The Court repeats the following facts presented by the Government regarding its efforts to effectuate removal. Petitioner has provided information to local ERO; local ERO forwarded a travel document to ERO HQ for review and approval; Petitioner's travel document was forwarded for translation from English to Vietnamese. Dkt. No. 12 at 1. The

---

[9] The Government requested the Court dismiss the Petitioner's habeas claims based on the date of the Petition for Habeas Corpus filed on November 1, 2025, but the Government filed their motion prior to the end of the 180-day detention presumption period. Dkt. No. 12 at 5. However, the Government still presented this argument regarding Petitioner's *Zadvydas* claim. Additionally, the Court ordered the Government to provide a status update on Petitioner's removal proceedings, (Dkt. No. 16), which the Government supplied about two months prior to the entry of this Report and Recommendation.

Court notes that the records shows the Government's efforts have not yet progressed to a stage where the request for a travel document has been made officially. This effort to effectuate removal does not show that Petitioner's removal is significantly likely to occur in the reasonably foreseeable future. Even if a travel document request is now pending, the Court cannot ascertain from this record whether the length of time it would take to actually receive the travel documents and remove Petition would by significantly likely to occur in the reasonably foreseeable future. Additionally, the Government has not represented that it has attempted to effect Petitioner's removal to a third country. For these reasons, the Court considers these facts insufficient to demonstrate that there is a significant likelihood the Government will remove Petitioner in the reasonably foreseeable future.

Under these circumstances, the Court finds the Government did not carry its burden under *Zadvydas*. Moreover, the Court finds there is no significant likelihood of removal in the reasonably foreseeable future in Petitioner's case. Consequently, Petitioner's detention is unreasonable and no longer authorized by statute. *Zadvydas*, 533 U.S. at 699-700. This action is also a violation of the due process clause. *Villanova v. Tate*, 801 F. Supp.3d 694, 704 (S.D. Tex. Sept. 2025) (Hittner, J.). Because of this finding, the Court finds it proper to recommend granting the Petition for Writ of Habeas Corpus (Dkt. No. 1) and to recommend denying the Government's Motion to Dismiss (Dkt. No. 13).

The Court is mindful that the government has the right to enforce Petitioner's Order of Removal. *Id.* However, when there is no significant likelihood of removal in the reasonably foreseeable future, it is impermissible for the Government to continue to detain Petitioner indefinitely. *Id.* Furthermore, the Court notes that the choice at issue here "is between imprisonment and supervision under release conditions that may not be violated." *Zadvydas*, 533 U.S. at 698. Considering this, release from detention under the proper release conditions is recommended.[10]

---

[10] *See Mogos v. Thompson*, 2026 WL 475079, at *6 ("*Zadvydas* requires Petitioner's release from [his] unlawful detention.").

Because the Court recommends granting habeas relief under Petitioner's challenge to his post-removal-period detention, the Court finds no need to address any claim or challenge not addressed in this report and recommendation. *Id.*

## VIII. Recommendation

It is RECOMMENDED that the Court

(1) GRANT Petitioner's Writ of Habeas Corpus;

(2) RELEASE Petitioner from detention subject to supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5; and

(3) DENY Respondent's Motion to Dismiss (Dkt. No. 12).

## IX. Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on August 27, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge